# EXHIBIT 2

JOAN CALHOUN

v.

**FARMERS INSURANCE EXCHANGE AND DOES I through V, and ROE CORPORATIONS I through V inclusive,,**

Case No. To be determined

DEFENDANT'S EXHIBITS TO PETITION FOR REMOVAL

# EXHIBIT 2

**COMPLAINT FILED BY PLAINTIFF IN CLARK COUNTY, NEVADA, EIGHTH JUDICIAL DISTRICT COURT, CASE NUMBER A-17-758544-C**

Electronically Filed
7/18/2017 11:35 AM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
   Matthew L. Sharp, Esq.
2  State Bar No. 4746
   MATTHEW L. SHARP, LTD.
3  432 Ridge St.
   Reno, NV 89501
4  Phone: (775) 324-1500
   Fax: (775) 284-0675
5  matt@mattsharplaw.com

6  Attorneys for Plaintiff JOAN CALHOUN

Office of General Counsel

AUG 10 2017

RECEIVED

7                    **DISTRICT COURT**

8               **CLARK COUNTY, NEVADA**

9

10  JOAN CALHOUN,                          ) CASE NO.:   A-17-758544-C

11             Plaintiff,                   ) DEPT. NO.:   Department 28

12  vs.                                     )

13  AUTO CLUB GROUP INSURANCE              )
    COMPANY, a Michigan corporation,       )
14                                          )
                                           )
15             Defendant.                   )

16

17              **COMPLAINT AND JURY DEMAND**

18      Plaintiff, JOAN CALHOUN, by and through her attorney, MATTHEW L. SHARP,

19  ESQ. of MATTHEW L. SHARP, LTD., pleads and alleges as follows:

20                       **PARTIES**

21      1.      JOAN CALHOUN is a citizen and resident of the county of Clark, State of

22  Nevada.

23      2.      At all relevant times, Defendant AUTO CLUB GROUP INSURANCE

24  COMPANY ("AUTO CLUB") was a Michigan corporation which through its dealings with

25  Mrs. Calhoun and otherwise subjected itself to all laws and remedies available under Nevada

26  law.

27  ///

28  ///

## NATURE OF THE ACTION

3.      This is an action to enforce an agreement for the payment of attendant care insurance benefits owed under a Michigan no-fault automobile insurance policy entered into between JOAN CALHOUN and AUTO CLUB, and to seek redress for AUTO CLUB's various violations of its good faith duties.

## GENERAL ALLEGATIONS

4.      JOAN CALHOUN was a schoolteacher.  On July 7, 1998, JOAN CALHOUN was catastrophically injured in a motor vehicle accident in which she suffered a head injury and musculoskeletal injuries, among other injuries; as a result of her accident-related injuries JOAN CALHOUN has been suffering constant headaches, tension headaches, debilitating migraines, epilepsy, depression, anxiety, tremors, impaired coordination, and musculoskeletal and other problems.

5.      The accident occurred in Michigan where JOAN CALHOUN and her husband RANDY lived at the time.  Subsequently, in August 1999, the Calhouns moved to Las Vegas, Nevada, where they have lived ever since.

6.      At all relevant times, JOAN CALHOUN was covered by an automobile insurance policy with AUTO CLUB.

7.      JOAN CALHOUN made a claim under the policy for first party no fault benefits, Claim No. YP290697.

8.      Since the day of the accident, JOAN CALHOUN has suffered from constant headaches, tension headaches, debilitating migraines, seizures/epilepsy, depression, and anxiety, among other things.  She relies on medication and injections to address the pain from her headaches, although the pain is never relieved completely.

9.      JOAN CALHOUN's headache issues are complex and cumulative.  For example, as a headache gets worse, it may trigger a tension headache or a migraine and the treating of one type of headache may inflame another.

///

///

10.   JOAN CALHOUN suffers from 3 to 5 migraines a week, on average, and there is no way to know when they will occur.  She needs someone on alert at all times and no preventative measures are available because of the unpredictable nature of the migraines.

11.   JOAN CALHOUN suffers from other deficits as a result of the automobile accident, including but not limited to, unsteady balance and gait, thereby, she needs assistance with standing and walking, and has a history of falling.

12.   JOAN CALHOUN requires assistance in the form of administration of medicine, assistance with toileting, personal hygiene, showering, dressing, supervision, etc.

13.   As a result of the accident, JOAN CALHOUN has incurred and is entitled to:

a.   All reasonable charges for reasonably necessary products, services, and accommodations for her care, recovery, and/or rehabilitation;

b.   Reasonably necessary attendant care services, including 24/7 attendant care, payable at reasonable rates, determined by comparison to a variety of factors, including but not limited to, total compensation market rates;

c.   Reasonably necessary nursing care services performed by a family member, payable at reasonable rates, determined by comparison to a variety of factors, including but not limited to, total compensation market rates;

d.   Case management services and appropriate or applicable therapies;

e.   Other personal protections benefits in accordance with the applicable No Fault provisions, including but not limited to, mechanisms of assistance;

f.   Interest on overdue benefits payments.

14.   JOAN CALHOUN requires 24 hour a day attendant care.

15.   Attendant care/nursing care are types of medical benefits (allowable expenses) that are payable for a lifetime under the policy/law (although not specifically mentioned in either).  AUTO CLUB is obligated to pay "all reasonable charges" for such benefits.

16.   Over the fifteen plus years after JOAN CALHOUN moved to Nevada, AUTO CLUB engaged in bad faith and fraudulent conduct towards JOAN CALHOUN, and breached the policy of insurance.  The bad faith conduct included the failure to conduct reasonable

1   investigations, fraudulent misrepresentations, concealment of benefits and information, putting

2   its own interests above the interests of the insured, improper communications, and so on.  On

3   one occasion where AUTO CLUB did investigate, it conducted a biased investigation, designed

4   to reduce the number of hours of attendant care benefits payable to JOAN CALHOUN.  An

5   honest and forthright case manager (who since left the biased company hired by AUTO CLUB)

6   confirmed JOAN CALHOUN's need for 24 hour care instead of dishonestly decreasing the

7   hours as AUTO CLUB intended when it hired the company employing the case manager.

8           17.     JOAN CALHOUN previously filed suit in this Court against AUTO CLUB

9   (case no. A-14-701604-C) seeking redress for AUTO CLUB's bad faith conduct and its breach

10  of contract.  AUTO CLUB's bad faith conduct continued during the litigation.

11          18.     After litigating the case, the parties agreed upon a resolution in late 2016 and on

12  February 21, 2017, the Court entered the Stipulation and Order for Dismissal with Prejudice.

13          19.     Separately from the confidential settlement agreement resolving the litigation

14  over past conduct, the parties entered into an Attendant Care Agreement (executed in

15  November/December 2016) that governed the payment of future attendant care insurance

16  benefits for the period from November 1, 2016 through October 31, 2020. A copy of the

17  Agreement is attached as Exhibit A.

18          20.     The Agreement was for payment by AUTO CLUB of 24/7 attendant care

19  insurance benefits for the four-year period at a rate that increased over time.

20          21.     The Agreement governs the effect of a "substantial change" in JOAN

21  CALHOUN's condition.  Paragraph 3 reads:

22      If there is a substantial change in my medical condition, as documented by a
        physician, that either increases or decreases the level or amount of attendant care
23      needed, then the terms of this agreement regarding future attendant care benefits
        may be renegotiated by either party and are not barred by this agreement.
24

25  Exhibit A.

26          22.     The Agreement was intended to be performed in Nevada and to pay for care that

27  was provided in Nevada.

28  ///

4

23.     On June 21, 2017, AUTO CLUB's adjuster, Shawnda Hice wrote to JOAN CALHOUN that AUTO CLUB was, effective June 20, 2017, unilaterally decreasing payment of attendant care from 24 hours a day to 14 hours a day.  Ms. Hice wrote that JOAN CALHOUN's neurologist, Dr. Ansarinia, had indicated "that the hours need for family provided attendant care is 14/hrs per day and 9 hours per week for agency provided attendant care." Exhibit B.  AUTO CLUB did not cite to the Attendant Care Agreement or any of its provisions and did not attach the updated disability slip that it claimed supported its unilateral decision.

24.     Just as it had done previously with respect to JOAN CALHOUN and her claim for benefits, AUTO CLUB continued the pattern and practice of bad faith behavior.  AUTO CLUB engaged in no investigation before unilaterally decreasing attendant care benefits. AUTO CLUB did not contact Dr. Ansarinia, did not contact the Calhouns, did not contact the agency providing the additional care (which was at 9 hours before and after AUTO CLUB's denial of family provided attendant care benefits above 14 hours per day); in short, AUTO CLUB failed to reasonably investigate or evaluate what had allegedly changed with JOAN CALHOUN's condition and needs, if anything.

25.     AUTO CLUB did not notify JOAN CALHOUN or her counsel that it wished to renegotiate the terms of the Attendant Care Agreement because of any alleged substantial change in Mrs. Calhoun's condition.

26.     AUTO CLUB chose to disregard the Agreement and defy benefits to which JOAN CALHOUN is entitled.

27.     Auto Club knows that there has been no substantial change in Joan Calhoun's condition.

28.     Auto Club knows Joan Calhoun needs 24 hour care and has decided to terminate such benefits in conscious disregard of Joan Calhoun's rights.

///

///

///

**FIRST CAUSE OF ACTION**
**(Defendant's Breach of the Covenant of Good Faith And**
**Fair Dealing and Defendant's Bad Faith under Common Law)**

29.     Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 28 as though fully set forth herein.

30.     AUTO CLUB owed JOAN CALHOUN an implied duty of good faith and fair dealing.

31.     AUTO CLUB breached its duty of good faith and fair dealing by improperly and unilaterally and intentionally denying benefits for 10 hours of attendant care per day, failing to conduct a reasonable investigation, failing to determine or confirm whether there was a substantial change in her condition, putting its own interests ahead of those of JOAN CALHOUN, and by ignoring its obligation to try to renegotiate the terms of the Attendant Care Agreement. AUTO CLUB's denial of benefits and other conduct was without a reasonable basis or with knowledge or reckless disregard for the absence of any reasonable basis.

32.     AUTO CLUB breached its duty of good faith and fair dealing by failing to give every reasonable benefit of the doubt to JOAN CALHOUN and instead placed its own pecuniary interests above hers and ignored its obligation to investigate and determine whether there was a substantial change in her condition.

33.     AUTO CLUB's breach has caused JOAN CALHOUN to incur special damages in excess of $10,000, including, but not limited to: the past and continuing attendant care insurance benefits she should have received from AUTO CLUB since the denial of attendant care of more than 14 hours per day, as well as the value of future denied attendant care benefits, and appropriate interest thereon; lost opportunity costs; and all other reasonably foreseeable and consequential damages flowing naturally from AUTO CLUB's breach and/or properly payable under statute or common law, all in amounts not fully ascertained, but within this Court's jurisdiction.

34.     As a further result of AUTO CLUB's breach, JOAN CALHOUN suffered, and continues to suffer, anxiety, worry, mental, and emotional distress, all to JOAN CALHOUN's general damages in a sum in excess of $10,000.

35.    AUTO CLUB intended for its conduct to cause JOAN CALHOUN injury or proceeded with its conduct in conscious disregard for JOAN CALHOUN's rights, as to subject JOAN CALHOUN to cruel and unjust hardship constituting malice, oppression, or fraud under NRS 42.005, thereby entitling Plaintiff to recover punitive damages in an amount in excess of $10,000.

36.    JOAN CALHOUN had to hire counsel to pursue her claims as a result of AUTO CLUB's actions and therefore she is entitled to reasonable attorney fees and costs.

**SECOND CAUSE OF ACTION**
**(Violation of the Nevada Unfair Trade Practices Act)**

37.    Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 36 as though fully set forth herein.

38.    AUTO CLUB engaged in Unfair Trade Practices in violation of the Nevada Unfair Trade Practices Act by failing to adopt and implement reasonable standards for investigation and processing of JOAN CALHOUN's claim. NRS 686A.310(c).

39.    AUTO CLUB engaged in Unfair Trade Practices in violation of the Unfair Trade Practices Act by failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy/Agreement, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim. NRS 686A.310(n).

40.    AUTO CLUB engaged in Unfair Trade Practices in violation of the Nevada Unfair Trade Practices Act by failing to pay attendant care benefits owed, when liability under the policy and the Agreement was reasonably clear. NRS 686A.310(e).

41.    AUTO CLUB knew or should have known there was no reasonable basis not to pay all reasonable charges for attendant care insurance benefits owed to JOAN CALHOUN and that its actions towards JOAN CALHOUN were unfair.

42.    AUTO CLUB's breach has caused JOAN CALHOUN to incur special damages in excess of $10,000, including, but not limited to: the past and continuing attendant care insurance benefits she should have received from AUTO CLUB since the denial of attendant

1  care of more than 14 hours per day, as well as the value of future denied attendant care benefits,

2  and appropriate interest thereon; lost opportunity costs; and all other reasonably foreseeable and

3  consequential damages flowing naturally from AUTO CLUB's breach and/or properly payable

4  under statute or common law, all in amounts not fully ascertained, but within this Court's

5  jurisdiction.

6       43.    As a further result of AUTO CLUB's violations, JOAN CALHOUN suffered,

7  and continues to suffer, anxiety, worry, mental, and emotional distress, all to JOAN

8  CALHOUN's general damages in a sum in excess of $10,000.

9       44.    AUTO CLUB intended for its conduct to cause JOAN CALHOUN injury or

10  proceeded with its conduct in conscious disregard for JOAN CALHOUN's rights, as to subject

11  JOAN CALHOUN to cruel and unjust hardship constituting malice, oppression, or fraud under

12  NRS 42.005, thereby entitling Plaintiff to recover punitive damages in an amount in excess of

13  $10,000.

14       45.    JOAN CALHOUN had to hire counsel to pursue her claims as a result of AUTO

15  CLUB's actions and therefore she is entitled to reasonable attorney fees and costs.

16  **THIRD CAUSE OF ACTION**
**(Breach of Contract)**

17

18       46.    Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1

19  through 45 as though fully set forth herein.

20       47.    Under the policy of insurance and the No Fault Act, AUTO CLUB was obligated

21  to pay personal protection insurance (PIP) benefits to or on behalf of JOAN CALHOUN,

22  including but not limited to:

23          a.    All reasonable charges for reasonably necessary products, services, and

24  accommodations for her care, recovery, and/or rehabilitation;

25          b.    Reasonably necessary attendant care services, including 24/7 attendant

26  care, payable at reasonable rates, determined by comparison to a variety of factors, including

27  but not limited to, total compensation market rates;

28

1    c.    Reasonably necessary nursing care services performed by a family

2    member, payable at reasonable rates, determined by comparison to a variety of factors,

3    including but not limited to, total compensation market rates;

4    d.    Case management services and appropriate or applicable therapies;

5    e.    Other personal protections benefits in accordance with the applicable No

6    Fault provisions, including but not limited to, mechanisms of assistance;

7    f.    Interest on overdue benefits payments.

8    48.    The parties resolved the prior case through a confidential settlement that

9    resolved claims for past damages.  The parties entered into a separate Agreement that governs

10   the payment of future attendant care insurance benefits up through the end of October, 2020.

11   The Agreement required payment of 24/7 attendant care insurance benefits.

12   49.    AUTO CLUB has denied payment of 24 hour attendant care insurance benefits

13   due under the Attendant Care Agreement, as of June 20, 2017.  AUTO CLUB unilaterally

14   denied 10 hours per day of attendant care benefits, in violation of the agreement.

15   50.    AUTO CLUB breached the Agreement by failing to confirm whether JOAN

16   CALHOUN's condition had changed substantially.

17   51.    AUTO CLUB also breached the Agreement by failing to seek to renegotiate the

18   terms of the Agreement, as the Agreement provides.  Instead, without reference to the

19   Agreement, AUTO CLUB unilaterally denied 10 hours per day of attendant care insurance

20   benefits.

21   52.    As a result of AUTO CLUB's breaches of its contractual obligations, JOAN

22   CALHOUN suffered damages that are the natural and probable consequence of the breaches.

23   **PRAYER FOR RELIEF**

24   WHEREFORE, Plaintiff prays the Court to enter Judgment for Plaintiff and against

25   Defendant as follows:

26   1.    For special damages in excess of $10,000;

27   2.    For general damages in excess of $10,000;

28   3.    For punitive damages in excess of $10,000;

4.    For prejudgment, pre-complaint, and post-judgment interest;

5.    For exemplary damages in excess of $10,000;

6.    For reasonable attorneys' fees and costs incurred; and

7.    For such other and further relief as this Court deems proper.

DATED this 17th day of July 2017.

MATTHEW L. SHARP, LTD.


_____/s/ Matthew L. Sharp_____
Matthew L. Sharp
432 Ridge St
Reno, NV 89501
Phone: (775) 324-1500
Fax: (775) 284-0675
matt@mattsharplaw.com

Attorney for Plaintiff JOAN CALHOUN

## JURY TRIAL DEMAND

Plaintiff JOAN CALHOUN hereby demands trial by jury of all issues so triable.

DATED this 17th day of July 2017.

MATTHEW L. SHARP, LTD.


_____/s/ Matthew L. Sharp_____
Matthew L. Sharp
432 Ridge St
Reno, NV 89501
Phone: (775) 324-1500
Fax: (775) 284-0675
matt@mattsharplaw.com

Attorney for Plaintiff JOAN CALHOUN



AAA
7520 Westshire Dr.
Lansing, MI 48917-8660

Fax (517) 627-1764
Fax (517) 627-3991

June 21, 2017

Mrs. Joan Calhoun
51 Glade Hollow Drive
Las Vegas, NV  89135

RE:
Claim Number: YP-260697
Date of Loss: 07/07/1998

Dear Mrs. Calhoun:

This letter is to advise you that AAA Insurance has received an updated disability slip regarding family provided and agency provided attendant care benefits from Dr. Ansarinia.

The last disability slip that we had on file had expired on February 29, 2016 and that is why I had requested an updated  medical opinion in regards to your attendant care needs and being able to update your claim file  for your current and ongoing attendant care needs.

Dr. Ansarainia has indicated that the hours need for family provided attendant care is 14/hrs per day and 9 hours per week for agency provided attendant care.   This is effective June 20, 2017.

This information has been added and updated to your claim file and if you have any questions, please feel free to contact me directly at 517-622-2435.

Sincerely,


Shawnda Hice
Senior Claims Specialist


MEMBERSHIP • TRAVEL • INSURANCE • FINANCIAL SERVICES

ATTENDANT CARE AGREEMENT
DATE OF LOSS: July 7, 1998
CLAIM NUMBER: YP-260697

1.    I, Joan Calhoun, agree to accept and the Auto Club Group Insurance Company ("ACGIC"), and all persons and other organizations associated with it, agree to pay, as described below, future attendant care benefits incurred for injuries associated with a motor vehicle accident which occurred on or about July 7, 1998, in the Township of Van Buren, State of Michigan.

2.    In consideration of the mutual compromise of a disputed claim for attendant care benefits incurred from November 1, 2016 through October 31, 2020, ACGIC will pay, and Joan Calhoun will accept, twenty four (24) hours of attendant care per day at a rate of Fourteen Dollars ($14.00) per hour. In consideration of the mutual compromise of a disputed claim for attendant care benefits incurred from November 1, 2020 through October 31, 2024, ACGIC will pay, and Joan Calhoun will accept, twenty four (24) hours of attendant care incurred per day at a rate of Fifteen Dollars ($15.00) per hour.

3.    If there is a substantial change in my medical condition, as documented by a physician, that either increases or decreases the level or amount of attendant care needed, then the terms of this agreement regarding future attendant care benefits may be renegotiated by either party and are not barred by this agreement.

4.    I agree that I will submit calendars to ACGIC at the end of each month which will reflect the number of hours of attendant care provided to me and the identity of the person(s) providing said care.

5.    I agree that ACGIC will be entitled to a reduction in the amount of attendant care payable for any time that I am not receiving attendant care as described above.

6.    I understand that this future attendant care agreement is a compromise of a disputed claim and that ACGIC is not necessarily admitting liability for the payment of personal protection insurance benefits, inclusive of attendant care benefits, beyond the dates identified above. Nothing in this agreement affects any other benefits to which Joan Calhoun may be entitled as a result of the automobile accident.

I DECLARE THAT I, JOAN CALHOUN, HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND ITS TERMS, AND VOLUNTARILY ENTER INTO THIS AGREEMENT WITH THE AUTO CLUB GROUP INSURANCE COMPANY.

1

*Joan Calhoun*

JOAN CALHOUN

EXECUTED ON: 1/22/16

Subscribed and sworn to before me this 22 day of November, 2016.

Notary Public Clark County, State of NV

My Commission Expires:   Acting in the County of Clark

DANIEL ROSENGARTEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 03-01-18
Certificate No: 10-1994-1

*Shaunda Hice*, on behalf of ACGIC

EXECUTED ON: 12-7-16

Subscribed and sworn to before me this 7 day of Dec, 2016.

Notary Public _____ County, State of _____

My Commission Expires:   Acting in the County of _____

ANGELA R. RADEMACHER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF EATON
My Commission Expires June 14, 2021
Acting in the County of Eaton

2